**Cheryl Ann DUNCAN, Individually and as Executrix of the Estate of Kenneth Duncan Deceased, and as Next Friend of Patrick Neil Duncan, a Minor, Robert Duncan and Krisanne Duncan, Appellants,**

v.

**Dr. Richard G. CARNEY, Appellee.**

**No. 01–88–00232–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 4, 1990.

Rehearing Denied Feb. 1, 1990.

W. Allyn Hoaglund, Law Offices of W. Allyn Hoaglund, Houston, for appellants.

James I. Smith Jr. and Dion C. Raymos, Ryan & Smith, Houston, for appellee.

Before EVANS, C.J., and O'CONNOR and DUGGAN, JJ.

OPINION

O'CONNOR, Justice.

Cheryl Ann Duncan, plaintiff, appeals from a take-nothing judgment entered against her in favor of Dr. Richard G. Carney, defendant, in a medical malpractice case. Plaintiff filed a wrongful death and survival action alleging Dr. Carney's negligence proximately caused her husband's death or diminished her husband's chance of survival. After an unfavorable jury verdict, the trial court entered judgment that plaintiff take nothing against Dr. Carney. We affirm.

In January 1984, plaintiff's husband, Kenneth Duncan, complained to Dr. Carney that he had chest pains that radiated to his arms. Dr. Carney performed a physical examination and ordered an electrocardiogram and a chest X ray for the next day. Because Dr. Carney suspected Duncan was suffering from reflux, a hernia, or an ulcer, he sent him to Dr. Michael Levine, a gastroenterologist. Dr. Levine examined Duncan the same day and ordered tests for the next day.

That evening Duncan's condition worsened. Duncan called the hospital's emergency room. Personnel at the emergency room told him to contact Dr. Levine. Relying on Dr. Levine's advice, Duncan did not go to the hospital. Over the telephone, Dr. Levine diagnosed Duncan's condition as anxiety and prescribed an antacid and sedative. Even though it was the middle of the night, Mrs. Duncan drove across town for the prescriptions. When she returned, Duncan's condition had worsened, and when he started having seizures, she called the ambulance. Duncan died immediately after reaching the hospital. Plaintiff sued Dr. Carney and Dr. Levine. Plaintiff settled with Dr. Levine before trial.

In her pleadings, plaintiff alleged Dr. Carney was negligent because he did not diagnose Duncan's heart ailment; did not order an electrocardiogram the same day of Duncan's visit; and did not hospitalize Duncan immediately.

The parties presented testimony at trial that Duncan's symptoms were symptoms associated with either gastrointestinal or heart problems. No autopsy was conducted on Duncan's body. When sudden death follows the kind of symptoms Duncan had, the cause of death is generally arrhythmia. There are, however, other possible causes of Duncan's sudden demise: a blood clot traveling from another part of the body; a ruptured aneurysm in the abdomen; or a cerebral vascular accident.

Plaintiff's expert testified that Duncan had an 80% chance of surviving if treatment had been administered within 60 seconds of the onset of the attack; a 70% chance if treatment was administered within two minutes; and a 50% chance after four to five minutes.

The trial court submitted special issues to the jury on Dr. Carney's negligence in causing Duncan's death. The jury made the following finding: [1]

### Special Issue No. 1

Whose negligence, if any, do you find from a preponderance of the evidence was a proximate cause of the death of Kenneth Duncan?

Answer "Yes" or "No" to each.

| | | Answer |
|---|---|---|
| a. | Dr. Richard G. Carney | No |
| b. | Dr. Michael Levine | Yes |

All the damage issues submitted to the jury were answered with zeros. Plaintiff does not challenge the damage findings on appeal.

In her sole point of error, plaintiff contends the trial court committed reversible error by refusing special issue 10 and the related damages issues 11 through 15. Plaintiff claims Texas law permits a party to recover damages for a reduced chance of survival that is proximately caused by a physician's negligence.

Plaintiff requested the following special issue, which the trial court refused:

If you have answered Special Issue No. 1 "No," and only in that event, then answer Special Issue No. 10. Otherwise, do not answer Special Issue No. 10.

### Special Issue No. 10

On the occasion in question, do you find from a preponderance of the evidence that Dr. Carney's negligence, if any, proximately caused any reduction of any chance for survival which Kenneth Duncan may have had?

Answer "Yes" or "No" to each.

Answer: _____

Plaintiff also requested the trial court to submit special issues for damages, 11 through 15, for the cause of action of lost chance of survival. All were refused.

Plaintiff believes the trial court committed error by refusing to submit her special issues on the lost chance of survival. We disagree.

The lost chance theory "endeavors to compensate the patient for the deprivation of an opportunity to recover from disease or physical malady." Perdue, *Recovery For a Lost Chance of Survival: When The Doctor Gambles, Who Puts Up The Stakes?* 28 S.Tex.L.Rev. 37 (1987). Plain-

---

**1.** The jury answered "no" to another special issue asking whether Dr. Carney failed to diagnose or treat Duncan in a "good and workmanlike manner."

tiff argues that, even though Duncan's pre-existing heart condition combined with Dr. Levine's negligence caused his death, Dr. Carney's negligence reduced his chance of surviving the heart attack.

In special issue 10, plaintiff asked the trial court to submit the issue of Dr. Carney's negligence, which was already submitted in special issue 1. In both issues 1 and 10, the jury was required, with one answer, to determine negligence and proximate cause. If there is a cause of action for lost chance of survival in Texas, it was not preserved in this case. Once the jury was asked to determine negligence in special issue 1, the trial court was not required to submit a second special issue, asking that they again determine the issue of negligence. *Holmes v. J.C. Penney Co.*, 382 S.W.2d 472, 473 (Tex.1964); *Wakefield v. Bevly*, 704 S.W.2d 339, 347 (Tex.App.—Corpus Christi 1985, no writ); *Thate v. Texas & P.Ry. Co.*, 595 S.W.2d 591, 597 n. 3 (Tex.Civ.App.—Dallas 1980, writ dism'd).

Because we hold that plaintiff requested a special issue that erroneously submits the negligence issue a second time, and thus did not preserve the issue of whether there is a cause of action for lost chance of survival, we need not reach the issue whether there is such a cause of action in Texas.

We overrule plaintiff's sole point of error and affirm the judgment.