**Sari J. KARL, Individually and as Independent Executrix of the Estate of Jack D. Karl, and Christopher Paul Karl, Appellants,**

v.

**The OAKS MINOR EMERGENCY CLINIC, Asteria R. Saquin, M.D., Bryan R. Schnare, M.D., and Edward J. Lavender, M.D., Appellees.**

No. B14-91-00602-CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 19, 1992.

Rehearing Denied April 16, 1992.

---

**1.** *See, Salazar v. State,* 818 S.W.2d 405, 408 (Tex.Crim.App.1991).

Ray J. McQuary, Humble, for appellants.

John C. Marshall, John C. Landa, Jr., Charles B. Holm, Charles L. Cotton and John Roberson, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

### OPINION

MURPHY, Justice.

This is an appeal from a summary judgment granted against appellants in a medical malpractice suit. In two points of error, appellants assert that summary judgment was improperly granted because "loss of chance for survival" is a recognized cause of action and loss of employment benefits are recoverable as resulting damages. We affirm.

Appellants, Sari J. Karl, individually and as independent executrix of the estate of Jack D. Karl, and Christopher Paul Karl, brought suit for medical malpractice against the appellees, The Oaks Minor Emergency Clinic, Asteria R. Saquin, M.D., Bryan R. Schnare, M.D., and Edward J. Lavender, M.D. Appellants alleged that Doctor Saquin and Doctor Schnare negligently treated Jack Karl while they were serving as physicians at the Oaks Minor Emergency Clinic which is owned by Dr. Lavender. Beginning on October 27, 1984, Mr. Karl went to the appellees on several occasions seeking treatment for a pain in his knee. Mr. Karl died seven months later from pancreatic cancer. Appellants filed suit alleging that the appellees were liable for failing to diagnose Mr. Karl's cancer condition. While the appellants do not contend that Mr. Karl would have survived if properly diagnosed, they seek recovery under the theory that appellees' failure to properly diagnose Mr. Karl resulted in a loss of a chance of recovery. Appellees' motion for summary judgment was granted on the basis that Texas law does not recognize a cause of action for loss of a chance of survival or recoverable damages in the form of loss of employee benefits, specifically, disability benefits.

■ The premise behind a tort action seeking damages for lost chance of survival is the policy set forth in the Second Restatement of Torts section 323(a). *See generally*, RESTATEMENT (SECOND) OF TORTS § 323(a) (1965). It states that:

> [o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from the failure to exercise reasonable care to perform his undertaking if: (a) his failure to exercise such care increases the risk of such harm....

RESTATEMENT (SECOND) OF TORTS § 323(a) (1965). Loss of a chance of survival, also known as lost chance, endeavors to compensate a patient or his or her estate for the privation of an opportunity to recover from a medical condition. *See generally*, D. Keith, MEDICAL EXPERT TESTIMONY IN

TEXAS MEDICAL MALPRACTICE CASES, 43 Baylor L.Rev. 1, 96–97 (1991); J. Perdue, RECOVERY FOR A LOST CHANCE OF SURVIVAL: WHEN THE DOCTOR GAMBLES, WHO PUTS UP THE STAKES?, 28 So.Tex.L.Rev. 37, 37 (1987). A lost chance action is premised in terms of whether the physician's actions are by a *reasonable medical probability* the proximate cause of a *diminution of the possibility of recovery*. *Id.* Liability is imposed where the attending physician has become a concurring or intervening cause of the patient's malady. *Id.* However, lost chance is a lesser cause of action encompassed within a negligence claim and therefore may be asserted only where there was not enough evidence to show that the physician's negligence was the sole proximate cause of the patient's death. *Id.* at 58–59. Much like a suit for contribution, lost chance seeks to compensate where the physician's actions have become a concurring cause, partly to blame for the patient's death or injury.

The existence of a cause of action seeking recovery of damages for the diminution in the chance of survival has not yet been established in the jurisprudence of the state of Texas. However, appellant cites three Texas state court cases and one federal district court case which have mentioned a lost chance cause of action in *dicta*. *See Duncan v. Carney*, 784 S.W.2d 488, 489–90 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Valdez v. Lyman–Roberts Hosp., Inc.*, 638 S.W.2d 111, 116 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.e.); *Bellaire General Hosp. v. Campbell*, 510 S.W.2d 94, 98 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). *See also Bohn v. United States*, 724 F.Supp. 443 (N.D.Tex.1989).

In the *Bellaire* case, this court heard an appeal from a judgment in favor of the plaintiff's in a wrongful death action. 510 S.W.2d at 95. The defendant/hospital contended on appeal that there was insufficient evidence to support the verdict; however, this court ruled that there was sufficient evidence to support the jury's finding of proximate cause on the negligence issue. *Id.* at 95–96. Therefore, the submitted is-

sue on lost chance was not an issue on appeal. *Id.* at 96. Nevertheless, we noted that "[e]ven if it be assumed that her chances for recovery from the pancreatitis were remote, *the Hospital would still be liable for depriving her of any chance she might have had.*" *Id.* at 98. (*emphasis added*).

Likewise, in *Valdez v. Lyman–Roberts Hosp., Inc.*, the Corpus Christi Court of Appeals reversed instructed verdicts in favor of the hospital in order to allow the jury to determine whether the hospital's actions proximately caused appellant's death. 638 S.W.2d at 113–14. While the appropriateness of a lost chance issue was not before them on appeal, that court noted that "*[e]ven is it be assumed that her chances for recovery were remote, the hospital would still be liable for depriving her of any chance she might have had.*" *Id.* at 116. (*emphasis added*). In summation, the court eloquently remarked that "[t]he burning candle of life is such a precious light in anyone's existence that no one has a right to extinguish it before it flickers out into perpetual darkness and oblivion." *Id.* Nevertheless, that court did not adopt a lost chance cause of action. *Id.*

In addition, the First Court of Appeals in *Duncan v. Carney* reviewed a take-nothing judgment rendered against the plaintiffs in a wrongful death action where both negligence and lost chance issues were submitted to the jury. 784 S.W.2d at 488. The court ruled that the trial court was not required to submit an issue on the lesser cause of action for lost chance of survival where the jury had all ready stated that the defendant's action did not constitute negligent acts proximately causing plaintiff's death. *Id.* at 489. On that basis, the court refused to rule on the issue of whether a cause of action exists in Texas for lost chance of survival. *Id.* at 490. However, that court expressed skepticism over whether loss of a chance is a recoverable tort. *Id.*

Finally, a more recent federal district court case applying Texas law remarked on the existence of a cause of action for loss of a chance of recovery. *See Bohn v.*

*United States,* 724 F.Supp. 443 (N.D.Tex. 1989). In *Bohn,* the decedent went to a physician for treatment of a large tumor. *Id.* The physician failed to recommend that the patient undergo a biopsy which resulted in a few weeks delay in treatment. *Id.* While the physician was negligent in not recommending the treatment, the court remarked that this breach was not a cause of the patient's death or loss of a chance of survival. *Id.*

■■■ In this instance, the trial court granted summary judgment on the basis that no cause of action exists for lost chance, we agree. Under Texas Rule of Civil Procedure 166a, a motion for summary judgment is only proper where the movant establishes that there is no genuine issue of fact and that he is entitled to judgment as a matter of law. *See, e.g., Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). The burden of proof is on the movant to show that he is entitled to judgment as a matter of law. *See, e.g., Roskey v. Texas Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982). We must indulge every reasonable inference in favor of the non-movant. *See Turboff v. Gertner, Aron & Ledet, Invs.,* 763 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

We find that the trial court did not err by granting summary judgment on the basis that Texas caselaw has not recognized a cause of action for lost chance of survival. The Texas cases have merely mentioned loss of a chance in *dicta. See Duncan,* 784 S.W.2d at 489–90; *Valdez,* 638 S.W.2d at 116; *Bellaire General Hosp.,* 510 S.W.2d at 98. *See also Bohn,* 724 F.Supp. at 443. In light of the fact that no Texas caselaw has expressly adopted a cause of action for lost chance, we likewise decline to do so. Appellant's first point of error is overruled.

Appellants also assert that the trial court erred by granting summary judgment on the basis that loss of employee benefits are not recoverable as damages in a tort action. We do not reach this point because appellants failed to allege a recognizable cause of action upon which to premise such damages.

Appellee's crosspoints of error are overruled.

The summary judgment granted by the trial court is affirmed.