TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00173-CV






Mary Higginbotham and Jason Higginbotham, Appellants



v.



Sandra P. Ferguson, Trustee of the Trust Estate of Madeline Marena Gillespie, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT


NO. C98-811B, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING 







 Mary Higginbotham and Jason Higginbotham (1) appeal from a summary judgment
rendered against them in a suit to quiet title in Sandra P. Ferguson, Trustee of the Trust Estate
of Madeline Marena Gillespie (Trustee). We will affirm the trial court judgment.


Factual and Procedural Background



 This factual situation has previously been before this Court in a forcible entry and
detainer action filed by the Trustee. Higginbotham v. Sandra P. Ferguson, Trustee of the Trust
Estate of Madelene Marena Gillespie, No. 3-99-011-CV (Tex. App.--Austin Dec. 9, 1999, no pet.)
(not designated for publication). Gillespie purchased real property from Cleburne Caddell on
April 10, 1986. Gillespie allowed her sister, Mary Higginbotham, to occupy the property until
Gillespie's death in February of 1992. The property was conveyed to the Trustee on June 22,
1992 through an executrix deed to the trust estate. On March 31, 1998, the Trustee gave
Higginbotham written notice to vacate the premises. Higginbotham refused to move and
continued to occupy the property.

 The Trustee brought a forcible detainer action in justice court against
Higginbotham. Higginbotham filed a written answer and plea to the jurisdiction, alleging that she
owned the property and was not a mere tenant. The justice court found that the suit involved
issues of title and sustained Higginbotham's plea to the jurisdiction. The Trustee appealed to
county court for a trial de novo.

 At county court, the Trustee moved for summary judgment on the ground that no
genuine issues of fact existed in the case. In support of her motion, she filed certified copies of
instruments and deeds evidencing her ownership of the property. (2) In Higginbotham's affidavit
in support of her response to the motion for summary judgment, she averred that Gillespie gave
the property to her by way of an oral gift. Higginbotham, however, never produced any writing
evidencing this conveyance. The trial court overruled Higginbotham's plea to the jurisdiction and
granted summary judgment in favor of the Trustee.

 In our previous Higginbotham opinion, we considered whether Higginbotham had
ever raised a genuine title dispute to decide whether the justice of the peace or county courts had
jurisdiction; only the district court has jurisdiction to adjudicate title to real property. See Tex.
Gov't Code Ann. § 26.043 (West 1988). We held that Higginbotham did not raise a genuine title
dispute. Higginbotham referred to an oral agreement between her and Gillespie, but such
agreements are generally unenforceable as a matter of law. See Tex. Bus. & Com. Code Ann.
§ 26.01 (West 1987) (conveyance of real property must be in writing to be enforceable). (3) This
Court held that Higginbotham failed to present specific evidence to raise a genuine title dispute
in the forcible entry and detainer action.

 Because of Higginbotham's claim of ownership in the forcible entry and detainer
proceeding, the Trustee brought the suit underlying this appeal to clear that cloud on the title. 
The trial court granted summary judgment in the Trustee's favor. In two points of error,
Higginbotham asserts that the trial court erred in excluding certain summary judgment evidence
and that the trial court erroneously granted summary judgment. 


Discussion



Summary Judgment


 The order granting summary judgment for the Trustee does not specify the reason
the trial court granted the motion. When such an order exists, we will affirm the judgment if any
of the theories advanced in the motion are meritorious and supported by competent summary
judgment evidence. Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex.
1995); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.1989).

 In a traditional motion for summary judgment, the movant has the burden of
showing that no genuine issue of material fact exists, and that it is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a; Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548
(Tex.1985). If the movant's motion and summary judgment proof facially establish a right to
judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue
sufficient to defeat summary judgment. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197
(Tex. 1995); Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex. App.--Austin 2000, no pet.); HBO,
A Div. of Time Warner Entertainment Co., L.P. v. Harrison, 983 S.W.2d 31, 35 (Tex.
App.--Houston [14th Dist.] 1998, no pet.). When the moving party establishes facts entitling it
to prevail, the trial court will not deny a motion for summary judgment because the opposing
party has merely alleged matters which might require a different judgment be rendered but has
produced no such evidence. American Petrofina, Inc. v. Allen, 887 S.W.2d 829, 830 (Tex.
1994); Kuper v. Schmidt, 338 S.W.2d 948, 951 (Tex. 1960). In deciding whether a disputed
material fact issue precludes summary judgment, we resolve every reasonable inference in favor
of the non-movant and take all evidence favorable to it as true. See Nixon, 690 S.W.2d at 548-49; 
Karl v. Oaks Minor Emergency Clinic, 826 S.W.2d 791, 794 (Tex. App.--Houston [14th Dist.]
1992, writ denied).


Quieting Title

 In her motion for summary judgment, the Trustee stated that she was entitled to
summary judgment because she had established title to the property. As noted earlier, the Trustee
brought forward evidence establishing her title to the property. See Ramsey v. Jones Enters., 810
S.W.2d 902, 903-904 (Tex. App.--Beaumont 1991, writ denied) (defendants introduced warranty
deed and timber deed; plaintiff's title examiner's testimony concerning sufficiency of plaintiff's
title not enough to establish title in plaintiff). The parties do not dispute that a cloud on the title
existed. See Frost v. Molina, 595 S.W.2d 184, 187 (Tex. App.--Corpus Christi 1990, writ dism'd
w.o.j.) (suit to quiet title requires allegation of adverse claim). Therefore, the Trustee met her
burden of establishing her entitlement to quiet title in her name. The question then becomes
whether Higginbotham went forward with evidence sufficient to defeat the Trustee's entitlement
to summary judgment. See Centeq, 899 S.W.2d at 197. We hold that she did not.

 Higginbotham complains in her first point of error of the exclusion of certain
evidence that she offered in support of her response to the motion for summary judgment. Much
of Higginbotham's point of error is devoted to explaining why the bases for the trial court's order
sustaining the Trustee's objections are incorrect. Because the trial court simply sustained or
denied objections, without giving reasons, Higginbotham is really attacking the reasons offered
by the Trustee in her motion to strike. We have isolated the specific statements that
Higginbotham claims were improperly struck to consider whether their exclusion affected the
rendition of the summary judgment. See Tex. R. App. P. 44.1(a). We conclude they did not. 
Even considering the excluded evidence, Higginbotham did not raise a fact issue concerning who
held title to the property. (4)

 Higginbotham complains that the following two statements were improperly
excluded:


 Shortly after I purchased the home, an agreement was arranged between myself,
my sister Madelene Marena Gillespie and a lender; My sister was to sign a note
for the purchase of said home but I was to make all the payments.



The two statements are simply assertions of an oral agreement that Higginbotham was the
property's owner; as we have previously held, such an assertion of an oral conveyance does not
create a title issue. The exclusion of these two statements could not have caused the improper
rendition of summary judgment. See Tex. R. App. P. 44.1(a). Higginbotham also complains of
the exclusion of her statement, "At the time I knew she left a will, but the Will did not mention
the property located at 702 Starcrest, since it was already given to me." This statement again
refers to the alleged oral transfer. We conclude that even if the trial court erred in excluding this
evidence of an alleged oral transfer, Higginbotham was not harmed. We overrule point one.

 In her second point of error, Higginbotham complains that the rendition of summary
judgment was improper. Most of this point attacks judicial estoppel as a basis for summary
judgment. As noted earlier, the summary judgment order was general, in response to multiple
theories offered in the Trustee's motion; we may affirm on any meritorious ground. See Harwell,
896 S.W.2d at 173. Having already decided that the Trustee established title and that none of
Higginbotham's evidence raised a fact issue as to title, we overrule the second point of error.





Conclusion



 We conclude that the Trustee established her right to have title quieted in her name. 
Because Higginbotham failed to offer any evidence that raised a fact issue as to title, we affirm
the trial court's summary judgment in favor of the Trustee. 





 


 Bea Ann Smith, Justice


Before Justices Kidd, B. A. Smith, and Puryear


Affirmed


Filed: March 29, 2001


Do Not Publish
1. Jason Higginbotham, Mary's son, was named as a defendant in this suit because
in previous litigation he claimed an ownership interest in the property in question. Because all
of the issues raised in this appeal concern an alleged transaction between Mary and her sister
Madeline Marena Gillespie, and because Jason appears to have no interest separate from his
mother's, we will refer to Mary Higginbotham as Higginbotham without further reference to
Jason.
2. The same documents are part of the record in this case.
3. There are certain exceptions not applicable here. See Hooks v. Bridgewater, 229
S.W. 1114, 1116 (Tex. 1921) (exceptions to parol evidence rule).
4. We note that multiple theories were alleged in the motion for summary judgment,
including judicial estoppel. Because we hold that summary judgment was justified on other
grounds, we do not consider these other theories. Some of the proffered evidence went to those
theories; therefore, we do not consider that evidence.



gginbotham claims were improperly struck to consider whether their exclusion affected the
rendition of the summary judgment. See Tex. R. App. P. 44.1(a). We conclude they did not. 
Even considering the excluded evidence, Higginbotham did not raise a fact issue co