

# NUMBER 13-12-00314-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

IKE & ZACK, INC., ET AL.,                     **Appellants,**

**v.**

MATAGORDA COUNTY AND
CITY OF PALACIOS,                     **Appellees.**

## On appeal from the 130th District Court
## of Matagorda County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion by Chief Justice Valdez

Appellants, Ike & Zack, Inc., Miss Gabrielle, Inc., Little Ken, Inc., Capt Anthony, Inc., Miss Adrianna, Inc., Sandra G. Inc., Capt Christopher, Inc., Father Mike, Inc., St. Daniel Philip III, Inc., Lady Toni, Inc., Kelly Marie, Inc., Capt Marcus, Inc., Capt Bubba, Inc., Trawler Emmanuel, Inc., Mariah Lynn, Inc., Trawler Santa Maria, Inc., and Josh & Jack, Inc., challenge the trial court's summary judgment granted in favor of appellees,

Matagorda County and the City of Palacios (collectively the "Appraisal District").[1]  By two issues, appellants contend that they have raised a genuine issue of material fact regarding their affirmative defenses thus, precluding summary judgment.  We reverse and remand.

## I.    BACKGROUND

Appellants are seventeen different corporations that own and operate shrimp boats in the Gulf of Mexico out of Port Lavaca, Calhoun County, Texas.  On July 11, 2005, the Appraisal District filed suit pursuant to section 33.41 of the Texas Tax Code seeking to recover delinquent ad valorem taxes imposed against appellants for the tax years of 2001, 2002, 2003, and 2004.  *See* TEX. TAX CODE ANN. § 33.41 (West 2008). For those tax years, appellants alleged that the Appraisal District failed to send them ad valorem tax notices.  The Appraisal District claims in its brief that it sent notice to the previous owners of the shrimp boats in Matagorda County, Texas.  It is undisputed that the previous owners are now appellants' shareholders.

Appellants responded to the Appraisal District's petition alleging several affirmative defenses.  The Appraisal District moved for summary judgment addressing appellants' affirmative defenses of improper situs, error in the tax rolls, laches, and double taxation.[2]  The Appraisal District attached as summary judgment evidence an affidavit from the chief appraiser, a document showing the rulings made by the Matagorda County Appraisal Review Board issued in 2005, deleting the commercial

---

[1] The Palacios Independent School District ("PISD") was also a plaintiff in the trial court. However, the trial court dismissed PISD from the case on August 2, 2010, and it is not an appellee in this case.

[2] Appellants claimed in their second amended answer that they were not liable to the Appraisal District because the Texas Constitution prohibits double taxation and appellants had paid ad valorem taxes to Calhoun County where the shrimp boats were rendered and accepted.

boats at issue from the Matagorda Appraisal Roll for 2005, and "certified copies of the entries of the official delinquent tax records of Matagorda County" for the tax years 2001–2004 it claims showed the amounts owed by appellants. Appellants responded to the motion, and the Appraisal District filed objections to appellants' response. The trial court granted the Appraisal District's objections and struck appellants' response and attached exhibits from the record. Appellants amended their original answer adding the affirmative defenses of lack of notice and non-ownership. The trial court then allowed appellants to file "Defendant's Supplement to Defendants' Response/Opposition to Plaintiffs' Motion for Summary Judgment." On April 13, 2012, the trial court signed its summary judgment in favor of the Appraisal District. This appeal ensued.

## II.  STANDARD OF REVIEW

The order granting summary judgment for the Appraisal District does not specify the reason the trial court granted the motion. When such an order exists, we will affirm the judgment if any of the theories advanced in the motion are meritorious and supported by competent summary judgment evidence. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 343 (Tex. App.—Corpus Christi 2004, pet. denied).

The Appraisal District did not state in its motion for summary judgment whether it was seeking traditional summary judgment or no-evidence summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). The two forms of summary judgment are distinct and invoke different standards of review. *Lavaca Bay Autoworld, L.L.C. v. Marshall Pontiac Buick Oldsmobile*, 103 S.W.3d 650, 653 (Tex. App.—Corpus Christi 2003, no pet.). The

3

Appraisal District's motion for summary judgment states that it has attached evidence to the motion "showing that there is no genuine issue as to any material fact respecting [appellants'] liability to [it] for the delinquent taxes. . . . and entitled to Summary Judgment . . . as a matter of law." However, in its motion for summary judgment, the Appraisal District did not assert that there was no evidence of a particular element. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004). Therefore, we need not apply the standard of review for a no-evidence motion for summary judgment. *See id.*

In a traditional motion for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). If the movant's motion and summary judgment proof facially establish a right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 Tex. App.—Austin 2000, no pet.); *HBO, A Div. of Time Warner Entm't Co., L.P. v. Harrison*, 983 S.W.2d 31, 35 (Tex. App.—Houston [14th Dist.] 1998, no pet.). In deciding whether a disputed material fact issue precludes summary judgment, we resolve every reasonable inference in favor of the non-movant and take all evidence favorable to it as true. *See Nixon*, 690 S.W.2d at 548–49; *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1992, writ denied). If the defendant relies on an affirmative defense to defeat summary judgment, it must come forward with evidence sufficient to raise a genuine issue of material fact on each element of the defense. *Sani v. Powell*, 153 S.W.3d 736, 740 (Tex. App.—Dallas 2005, pet. denied)

4

(citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *see City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

### III.   DISCUSSION

In its motion for summary judgment, the Appraisal District claimed it was entitled to summary judgment because it had shown that no genuine issue of material fact existed regarding appellants' affirmative defenses.[3]

When a taxing unit introduces its delinquent tax notices into evidence, a prima facie case is established as to every material fact necessary to establish its cause of action. *See* TEX. TAX CODE ANN. § 33.47(a) (West 2008); *Maximum Med. Improvement, Inc. v. County of Dallas*, 272 S.W.3d 832, 835 (Tex. App.—Dallas 2008, no pet.). A rebuttable presumption then arises that the taxing entity has taken all actions necessary to obtain legal authority to levy the tax, including proper delivery of all required tax notices. *Maximum Med. Improvement, Inc.*, 272 S.W.3d at 835. However, there is no presumption of notice if the identity of the party named as owner of the property on the Appraisal District tax roll does not match the identity of the defendant sued for non-payment.[4]   *Id.* at 836–37 ("Although Section 33.47(a) provides a rebuttable

---

[3] We note that appellants amended their response to the Appraisal District's petition adding, among other defenses, the defense of improper notice. On appeal, appellants complain that the Appraisal District failed to challenge its defense of improper notice in its motion for summary judgment. However, because we conclude that it is not dispositive of this appeal because we are sustaining appellants' second issue. Therefore, we will not address this issue. *See* TEX. R. APP. P. 47.1.

[4] In its statement of facts section of its brief, the Appraisal District states, "For tax year 2002, 11 of the 17 shrimp boats and for tax years 2003 and 2004, all 17 boats were sent ad valorem tax notices to the most recent name and address in the possession" of the Appraisal District. "The names and

5

presumption, if the identity of the entity named as the owner does not match the identity of the defendant sued for non-payment, no presumption arises as to the defendant . . . .") (citing *Pete Dominguez Enters. v. County of Dallas*, 188 S.W.3d 385, 387 (Tex. App.—Dallas 2006, no pet.)).

Here, the Appraisal District provided as summary judgment evidence the delinquent tax notices showing that appellants owed past due taxes. The Appraisal District did not provide copies of the actual notices sent. However, appellants attached to their response to the Appraisal District's motion for summary judgment copies of the property appraisals from the Appraisal District's website showing that the appellants were not listed as the owners of the properties at issue in this case during the 2002 and 2003 tax years. This constitutes evidence that the identity of the property owners listed in the Appraisal District tax rolls for the 2002 and 2003 tax years does not match the appellants' identities. Therefore, any presumption of notice disappeared.[5] *See id.* The Appraisal District also argues that the Appraisal District records attached to appellants' response neither proves nor disproves that notice was properly sent. However, it is reasonable to conclude that the Appraisal District sent notice of the taxes to the persons listed as the owners of the properties at the addresses listed in its own records as required by statute. *See* TEX. TAX CODE ANN. § 1.07(b) (West Supp. 2011) (requiring the taxing entity to address the tax notice to the property owner, or his agent, at the address according to the most recent record in the possession of the property taxing

---

addresses where the ad valorem tax notices were sent, were those of the prior owners who incorporated the 17 shrimp boats."

[5] The Appraisal District, citing evidence that was stricken from the record based on the Appraisal District's objections, claims that appellants were notified of the taxes. However, because the trial court struck these documents from the record, this evidence was not before the trial court when it granted the summary judgment. Accordingly, we will not consider it.

6

entity). Moreover, as previously stated, the presumption of notice did not arise in this case, and the Appraisal District has offered no evidence that notice was given.

We find the facts of this case analogous to the facts in *Industrial Communications, Inc. v. Ward County Appraisal District*, wherein the taxing entities claimed that they had complied with all notice requirements under the tax code by delivering notice of a 2003 appraisal to the previous owner, ICP, a company that was listed as the record owner of the property in the taxing entities' tax rolls. 296 S.W.3d 707, 713 (Tex. App.—El Paso 2009, pet. denied). In *Industrial*, the taxing entities argued, among other things, that they were not obligated to provide notice under the tax code because Industrial failed to put them on notice that it owned the subject property and to notify them of its change of address. *Id.* at 718. The court rejected the taxing entities' argument that they were not required to provide notice to Industrial and an opportunity for Industrial to be heard because Industrial failed to file a rendition statement concerning the property, and failed to advise them of its address change. *Id.* at 720. The court concluded that due process requires notice to a taxpayer of an appraisal and an opportunity for the taxpayer to be heard. *Id.* at 719–21.

In *Industrial*, the taxing entities also argued that Industrial should have filed a protest pursuant to section 41.411 of the tax code, which provides that "a property owner is entitled to protest before the appraisal review board the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled." *See id.* at 713–14. The court explained that "[u]nder the [pre-2008] version of section 41.44 applicable to [the case], a property owner who wishe[d] to protest pursuant to [s]ection 41.411 must [have] file[d] the protest before the

7

date the taxes on the subject property [became] delinquent." *Id.* at 714. The court further explained that section 41.411 of the tax code "is not contingent on the property owner keeping the taxing authorities informed of his current address." *Id.* at 721. The court stated that the pre-2008 tax code failed to provide an adequate constitutional remedy for a taxpayer who received notice after the taxes became delinquent.[6] *See id.* at 714. The court found that the taxing entities had not provided notice to Industrial of the taxes and concluded that the assessed taxes and penalties were void due to the lack of notice. *Id.* at 722–23.

The Appraisal District also argues that appellants should have filed a protest pursuant to section 41.411 of the tax code. However, as stated in *Industrial*, the pre-2008 tax code applies and that version of the statutes would not have allowed appellants to file a protest pursuant to section 41.411 if they did not receive notice before the taxes became delinquent, as they claim. *See id.* at 714. Therefore, assuming appellants received notice after the taxes became delinquent, they are in the same situation as the property owners in *Industrial*, and a section 41.411 protest was not available to them for their due process claim. *See id.*

Next, the Appraisal District argues that it complied with the requirements of the tax code and that failure to send or receive a tax bill does not affect the validity of the tax, penalty, or interest, the due date, the existence of a tax lien, or any procedure to collect a tax. *See* TEX. TAX CODE ANN. § 31.01(g) (West Supp. 2011). However, the Appraisal District did not make this argument in its motion for summary judgment;

---

[6] As stated in *Industrial*, section 41.44 "now permits a property owner to file a protest under TEX. TAX CODE ANN. § 41.411 not later than the 125th day after the property owner, in the protest filed, claims to have first received written notice of the taxes in question." *Indust. Commc'ns, Inc. v. Ward County Appraisal Dist.*, 296 S.W.3d 707, 714 (Tex. App.—El Paso 2009, pet. denied).

8

therefore, the trial court could not have based its decision on this argument. Therefore, we will not consider it. *See Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997) (citing TEX. R. CIV. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)).

Finally, the Appraisal District argues that appellants were not denied due process because they could have protested the delinquent taxes pursuant to section 25.25(c) of the tax code. *See* TEX. TAX CODE ANN. § 25.25 (West Supp. 2011). Section 25.25(c) provides that "[t]he appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll for any of the five preceding years to correct . . . the inclusion of property that does not exist in the form or at the location described in the appraisal roll." *See id.* The Appraisal District filed its petition to collect the delinquent taxes on July 11, 2005. There is no summary judgment evidence indicating that appellants received notice of the delinquent taxes for the contested years before the Appraisal District filed its suit. Therefore, there is a question of fact regarding whether appellants could have filed a complaint pursuant to section 25.25 before this suit ensued. Furthermore, appellants are alleging lack of notice as a defense to the suit instituted by the Appraisal District to collect the delinquent taxes. Section 25.25 does not provide for a challenge to the taxes on the basis that the taxpayer did not receive notice. To challenge the lack of notice, appellants could have filed a protest pursuant to section 41.411; however, as stated above, the pre-2008 tax code did not allow a taxpayer who received notice after the taxes became delinquent to file a protest. *See Industrial*, 296 S.W.3d at 714.

9

Moreover, although taxpayers must generally exhaust their administrative remedies, there are several exceptions: "(1) where an injunction is sought and irreparable harm would result; (2) where the administrative agency cannot grant the requested relief; (3) when the issue presented is purely a question of law; (4) where certain constitutional issues are involved; and (5) where an administrative agency purports to act outside its statutory powers." *Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App.—Austin 2004) (explaining that the policy reason "for the exhaustion-of-administrative-remedies doctrine is to allow the agency to resolve disputed issues of fact and policy and to assure that the appropriate body adjudicates the dispute") *aff'd*, 209 S.W.3d 83, 84, 90 (Tex. 2006). "In the case of an agency allegedly acting outside of its statutory powers, the 'purposes underlying the exhaustion rule are not applicable: judicial and administrative efficiency are not served, and agency policies and expertise are irrelevant, if the agency's final action will be a nullity." *Id.* (citing *Larry Koch, Inc. v. Tex. Natural Res. Conservation Comm'n*, 52 S.W.3d 833, 840 (Tex. App.—Austin 2001, pet. denied)). Here, appellants have alleged that the Appraisal District has acted outside of its statutory powers by levying the contested taxes without providing notice. *See id.*; *see also Industrial*, 296 S.W.3d at 722–23 (concluding that the 2003 taxes assessed on Industrial's property and the associated penalties were void because Industrial did not receive notice of the inclusion of the property on the 2003 tax rolls and did not have an opportunity to protest the 2003 appraisals on that property). As stated above, there is no summary judgment evidence that appellants ever received notice of the delinquent taxes before the Appraisal District filed suit. So, if appellants were to prevail on their theory that the Appraisal District was

acting outside its authority in assessing these taxes against them because they did not receive proper notice, the taxes would become void and any administrative requirements would be mere formalities. *See Strayhorn*, 128 S.W.3d at 780; *see also Industrial*, 296 S.W.3d at 722–23; *Appraisal Review Bd. of the El Paso County Cent. Appraisal Dist. v. Fisher*, 88 S.W.3d 807, 813 (Tex. App.—El Paso 2002, pet. denied) (holding that the taxpayer was denied due process and the taxes and penalties assessed based on the appraisal were void because he did not receive notice or have an opportunity for a hearing to contest the appraisal). Therefore, based on our de novo review, we conclude that the Appraisal District's right to summary judgment has not been established as a matter of law. *See Dickey*, 12 S.W.3d at 175; *see also* TEX. R. CIV. P. 166a; *Nixon*, 690 S.W.2d at 548. We sustain appellant's second issue.

## IV.    CONCLUSION

We reverse the trial court's summary judgment and remand the case for further proceedings consistent with this opinion.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
14th day of March, 2013.

11