PETE DOMINGUEZ ENTERPRISES, INC., Appellant

v.

COUNTY OF DALLAS, Dallas County Tax Collector, City of Dallas, Dallas Independent School District, Dallas County School Equalization Fund, Dallas County Community College District, and Parkland Hospital District, Appellees.

No. 05–05–00535–CV.

Court of Appeals of Texas, Dallas.

March 22, 2006.

---

Lindy D. Jones, Jones, Allen & Fuquay, L.L.P., Dallas, for Appellant.

Eward Lopez, Jr., Linebarger Goggan Blair Sampson, LLP, Dallas, for Appellee.

Before Justices O'NEILL, FITZGERALD, and LANG.

## OPINION

Opinion by Justice FITZGERALD.

Pete Dominguez Enterprises, Inc. ("PDE") appeals the trial court's judgment in this suit for delinquent property taxes. The trial court found PDE liable to the County of Dallas, the Dallas County Tax Collector, the City of Dallas, the Dallas Independent School District, the Dallas County School Equalization Fund, the Dallas County Community College District, and the Parkland Hospital District (collectively, the "Taxing Authorities") for the unpaid taxes. For the reasons explained below, we reverse the judgment of the trial court and render judgment in favor of PDE.

### BACKGROUND

The Taxing Authorities' petition in this case alleged that PDE owned the relevant property at the time suit was filed. The petition also attached the Taxing Authorities' Delinquent Tax Statement, which, under the name "Pete Dominguez," set forth the amounts owed each of the plaintiffs for the years involved. PDE answered with a general denial.

Trial was to the court. The Taxing Authorities offered a certified copy of a document titled Property Tax Notice that contained the same information as the Delinquent Tax Statement, except that the amounts owed were updated through the month of trial. The Property Tax Notice identified the owner of the property as "Pete Dominguez." PDE objected to this exhibit, stating:

> The suit is styled Pete Dominguez Enterprises, Inc., this tax statement says Pete Dominguez, and it's at a closed restaurant location.

The court overruled the objection, and the Taxing Authorities rested. PDE put on no evidence, but re-asserted its objection to the tax statement exhibit, stating "it's the wrong entity." Counsel for the Taxing Authorities responded:

> We believe that the defendant has been properly served and has been served in the proper—has been named in the lawsuit in the proper capacity.

> The tax statements typically indicate the name of the party that the taxpayer has directed us to send statements to, which oftentimes is not the actual entity that has filed a charter with the Secretary of State. We believe that the Pete Dominguez listed on the tax statement is the same Pete Dominguez who's the principal of Pete Dominguez Enterprises, Inc.

The trial court ruled in favor of the Taxing Authorities.

## EVIDENCE OF LIABILITY FOR DELINQUENT TAXES

PDE raises a single issue in this Court, arguing there was no evidence that PDE owned any property against which taxes were assessed. More specifically, PDE argues that the Taxing Authorities did not meet their burden of proof on the issue of ownership. When, as in this case, an appellant challenges the legal sufficiency of the evidence to support a finding on which it did not have the burden of proof at trial, the appellant must demonstrate on appeal that no evidence exists to support the adverse finding. *Mary Kay Inc. v. Woolf*, 146 S.W.3d 813, 817 (Tex.App.-Dallas 2004, pet. denied). We view the evidence in a light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex.2005).

■ The tax code specifically addresses a taxing authority's evidentiary burden in a suit to collect delinquent taxes:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TEX. TAX CODE ANN. § 33.47(a) (Vernon 2002). The supreme court has concluded that introducing section 33.47(a) documentation establishes a "prima facie case as to every material fact necessary to establish the cause of action." *Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex.1982); *see also Barnett v. County of Dallas*, 175 S.W.3d 919, 923 (Tex.App.-Dallas 2005, no pet.). Thus, when a taxing authority complies with section 33.47, a rebuttable presumption arises in the taxing authority's favor, including the presumption that the defendant owned the property on January 1 of the relevant tax year. *Estates of Elkins v. County of Dallas*, 146 S.W.3d 826, 829 (Tex.App.-Dallas 2004, no pet.).

■ The Taxing Authorities depend on this presumption. The only evidence they offered at trial was a certified copy of entries from their delinquent tax rolls showing the property, the amount of the tax owed, penalties imposed, and interest accrued. The Taxing Authorities posit that this evidence raised the section 33.47(a) presumption and established their prima facie case.

■ PDE's complaint, however, implicates the threshold issue of the identity of

the defendant. PDE argues that the rebuttable presumption envisioned by section 33.47(a) is based on the tax roll identification of the entity against whom taxes were assessed. If the identity of the entity named as owner of the property on that tax roll does not match the identity of the defendant sued for non-payment, then no presumption arises and no prima facie case is established by the taxing authority.

We agree with PDE. The evidentiary presumption envisioned by section 33.47(a) is rooted in part in the reliability of taxing authorities' processes and records. *See, e.g., D & M Vacuum Serv., Inc. v. Zavala County Appraisal Dist.*, 812 S.W.2d 435, 437–38 (Tex.App.-San Antonio 1991, no writ) (outlining detailed administrative process that precedes creation of a tax bill). No party has challenged the accuracy of the information in the tax roll offered at trial. Thus, the only evidence in the record indicates the delinquent taxes sought by the Taxing Authorities are owed by "Pete Dominguez," not PDE. The Taxing Authorities offered no evidence that those two entities are factually or legally equivalent.

Counsel for the Taxing Authorities offered assurances to the trial court that "Pete Dominguez" was the principal of PDE and that the correct defendant had been sued. These assurances are not evidence. In the absence of evidence showing the defendant, PDE, owned the property taxed in this case, no presumption of liability was triggered, and no prima facie case for liability was established. We conclude reasonable jurors would not credit the Taxing Authorities' evidence as probative against PDE. *See City of Keller*, 168 S.W.3d at 807.[1] The evidence is, therefore, legally insufficient to support the judgment against PDE. We decide PDE's single issue in its favor.

CONCLUSION

The Taxing Authorities introduced no evidence that PDE ever owned the property at issue or owed taxes on the property at issue. We reverse the judgment of the trial court and render judgment that the Taxing Authorities take nothing on their claim against PDE.

---

1. We also conclude that, in the absence of a prima facie case by the Taxing Authorities, PDE had no obligation to offer rebuttal evidence.