**MAXIMUM MEDICAL IMPROVEMENT, INC., Appellant,**

v.

**COUNTY OF DALLAS and Richardson Independent School District, Appellees.**

**No. 05–07–00854–CV.**

Court of Appeals of Texas, Dallas.

Dec. 19, 2008.

Joyce W. Lindauer, Dallas, for Appellant.

Sheila Fuqua Carter, Edward Lopez, Jr., Linebarger, Goggan, Blair and Sampson, L.L.P., Dallas, C. David Fielder, Perdue, Brandon, Fielder, Collins & Mott, L.L.P., Arlington, for Appellants.

Before Justices MORRIS, WHITTINGTON and O'NEILL.

## OPINION

Opinion by Justice O'NEILL.

This is a suit for delinquent taxes on business personal property located at 11815 Forestgate Drive, Dallas, Texas 75243 ("Address")[1]. After a bench trial, the court entered judgment for Dallas County and the RISD for delinquent taxes against Maximum Medical Improvement, Inc. ("MMI") which presents three issues for review: (1) whether notices addressed to a bankrupt entity, Lone Star Anesthesia, P.C. ("Lone Star"), and sent to the Address by Dallas County were reasonably calculated to provide MMI with notice of tax liability; (2) whether certified tax records provided probative evidence of ownership by MMI; and (3) whether certified tax records provided probative evidence of value of property owned by MMI. After our review of the record we conclude RISD proved its prima facie case and affirm the trial court's judgment for RISD. However, we reverse the trial court's judgment as to Dallas County and render a take-nothing judgment on its claims.

## Background

Dallas County and the RISD each sent tax notices to the Address for payment of taxes on personal property located at the Address. No taxes were paid and the taxing authorities brought suit against MMI doing business as Lone Star Anesthesia of Texas.[2] MMI answered with a general denial, a verified denial that it had been improperly sued because the proper party was Lone Star Analgesia and Anesthesia, Inc., and an affirmative defense as to the value of the business personal property being taxed.

■ At trial, the court admitted the delinquent property tax statements offered by Dallas County and the RISD. Dallas County's tax statements identified Lone Star Anesthesia, P.C. as the owner whereas RISD's delinquent tax statement identified MMI as the owner. The taxing authorities also offered Dallas County's notices of appraised value, MMI's assumed name certificate, and data from the Texas Secretary of State showing MMI's articles of incorporation were filed in 1995. MMI made no objection to any of the taxing authorities' evidence. The only evidence successfully offered by MMI was the testimony of its CFO, Tom Hughes.[3] He testified that

1. Plaintiff County of Dallas sought delinquent taxes from 2001 through March 2006. Dallas County sued on its own behalf, and on behalf of the City of Dallas, the Dallas County School Equalization Fund, the Dallas County Community College District and the Parkland Hospital District, all of which are referred to in collectively as "Dallas County". Intervenor Richardson Independent School District ("RISD") sued for delinquent taxes from 2002 through 2006.

2. MMI operates as Lone Star Anesthesia of Texas under as assumed name certificate filed in Dallas County. The assumed name certificate states MMI is located at the Address.

3. Parties must confine their arguments and factual recitations to matters contained in the record. Tex.R.App. P. 38.1(f); *Schlafly v. Schlafly*, 33 S.W.3d 863, 874 (Tex.App.-Hous.[14 Dist.] 2000, pet. denied). In its appellate briefs, MMI now seeks to support its arguments with evidence submitted with its motion for new trial. We will only consider the evidence before the trial court when it rendered its judgment.

(1) Lone Star owned no personal property at the Address in 2002, 2003, 2004, 2005, or 2006;

(2) although Lone Star had operated at the same location, all of the property (i.e., "the office—the equipment and fixtures") at the Address is owned by MMI;

(3) he did not know whether MMI ever received the delinquent tax notices because he doesn't directly get the bills in the mail;

(4) he didn't know how long MMI had been operating at the Address;

(5) the Address is MMI's principal place of business;

(6) the same individual is the "100 percent owner of all the corporations;" and

(7) Lone Star Analgesia and Anesthesia, Inc. owned no property at the Address.

When MMI tried to introduce testimony about the value of the assessed property, the taxing authorities objected. Their objections were sustained and these evidentiary rulings have not been challenged on appeal. MMI never requested the opportunity to make a bill of exceptions of any excluded evidence.

### Burden of Proof

Texas Tax Code subsection 33.47(a) addresses evidentiary concerns in delinquent tax cases and provides as follows:

In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TEX. TAX CODE ANN. § 33.47(a) (Vernon 2008).

When the taxing unit introduces its delinquent tax notices, it establishes a prima facie case as to every material fact necessary to establish its cause of action. *Aldine Indep. School Dist. v. Ogg*, 122 S.W.3d 257, 264 (Tex.App.-Houston[1st Dist] 2003, no pet.) (citing *Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex.1982)). Once it establishes its prima facie case, a rebuttable presumption arises that the taxing entity has taken all actions necessary to obtain legal authority to levy the tax, including proper delivery of all required tax notices. *Id.* (citing *Flowers v. Lavaca County Appraisal Dist.*, 766 S.W.2d 825, 828 (Tex.App.-Corpus Christi 1989, writ denied) (taxing unit's establishment of prima facie case creates presumption that it has taken all actions necessary to obtain legal authority to levy tax); *Phifer v. Nacogdoches County Cent. Appraisal Dist.*, 45 S.W.3d 159, 174 (Tex.App.-Tyler 2000, pet. denied)(when appraisal district introduced certified copies of delinquent tax record, it established its prima facie case as to every material fact necessary to establish its cause of action, including taxpayer's receipt of delinquent tax notices)). If, however, the identity of the entity named as the owner does not match the identity of the defendant sued for non-payment, no presumption arises as to the defendant's liability. *Pete Dominguez Enter., Inc. v. County of Dallas*, 188 S.W.3d 385, 387(Tex.App.-Dallas 2006, no pet.).

Once a prima facie case is established, the burden shifts to the taxpayer to introduce competent evidence that he has paid the full amount of taxes, penalties and interest, or that there is some other defense that applies to his case. *Nat'l Med.*

*Fin. Serv., Inc. v. Irving Indep. School Dist.,* 150 S.W.3d 901, 905 (Tex.App.-Dallas 2004, no pet.); *Barnett v. County of Dallas,* 175 S.W.3d 919, 923 (Tex.App.-Dallas 2005, no pet.); *Gen. Elec. Capital Corp. v. City of Corpus Christi,* 850 S.W.2d 596, 600 (Tex.App.-Corpus Christi 1993, writ. denied). When a taxing authority's prima facie case is rebutted, the presumption disappears. *Nat. Med. Fin. Serv., Inc.,* 150 S.W.3d at 905. However, the evidence originally offered into evidence is still considered in a legal sufficiency analysis. *Id.* It will not be accorded greater weight simply because it previously created the statutory presumption, and the factfinder resolves matters of weight and credibility among the competing items of evidence. *Id.*

### Standard of Review

■■■ When, as in this case, an appellant challenges the legal sufficiency of the evidence to support a finding on which it did not have the burden of proof at trial, the appellant must demonstrate on appeal that no evidence exists to support the adverse finding. *Pete Dominguez Enter., Inc.,* 188 S.W.3d at 387 (citing *Mary Kay Inc. v. Woolf,* 146 S.W.3d 813, 817 (Tex. App.-Dallas 2004, pet. denied)). We view the evidence in a light favorable to the judgment, crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not. *Id.* (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 807 (Tex.2005)).

### Discussion

MMI presents three issues for review: (1) whether notices issued to Lone Star were reasonably calculated to provide MMI with notice of tax liability; (2) whether certified tax records submitted by Dallas County and RISD provided probative evidence of ownership by MMI of any property subject to ad valorem taxes; and (3) whether certified tax records submitted by Dallas County and RISD provided probative evidence of value of property owned by MMI subject to ad valorem taxes. Since RISD's delinquent tax notice identified MMI as the owner and Dallas County's documents did not, we review their cases separately. *Id.*

### A. RISD

■■■ Once the trial court admitted RISD's delinquent tax notice, under Tax Code § 33.47, there was a rebuttable presumption that RISD · had established its prima facie case as to every material fact necessary to establish its cause of action against MMI, the named owner of the property. TEX. TAX CODE ANN. § 33.47(a) (Vernon 2008). MMI was then required to introduce competent evidence that it had not received notice, did not own the property or the valuation was wrong. The only evidence offered by MMI was the testimony of its CFO that he did not know whether MMI received any notices and that MMI now owns the personal property at the Address. Neither piece of evidence disputes RISD's case. The only evidence as to value was the evidence offered by the taxing authorities. Our review of the record, therefore, does not lead us to conclude MMI rebutted any evidentiary presumption and overrule MMI's first, second and third issues as to RISD.

### B. Dallas County

■■■ In its second issue, MMI complains the certified tax records submitted by the taxing authorities do not provide probative evidence of ownership of business personal property at the Address. Although Section 33.47(a) provides a rebuttable presumption, if the identity of the entity named as the owner does not match

the identity of the defendant sued for non-payment, no presumption arises as to the defendant and we review the record to determine if the evidence is legally sufficient. *Pete Dominguez Enterprises, Inc.,* 188 S.W.3d at 387. Since Dallas County introduced affidavits designating Lone Star as the owner and then sued MMI, no presumption arises in favor of Dallas County's claim against MMI and thus Dallas County must present legally sufficient evidence on each element of its case.

Dallas County's tax notices identify Lone Star as the owner and the affidavit offered by Dallas County only attests to the accuracy of the amount of taxes due. Dallas County argues MMI has waived any complaint because MMI did not raise an affirmative defense as to ownership. MMI's answer, however, contained a verified denial that it was improperly sued and that another entity was the proper party because it owned the property. If MMI had not raised the issue of ownership in its answer, Dallas County's argument could have merit. *See e.g. Williams v. County of Dallas,* 194 S.W.3d 29, 34 (Tex.App.-Dallas 2006, pet. denied) (when taxpayer did not object to the admission of the tax statement based on non-ownership and did not plead non-ownership as an affirmative defense, she waived error)(citing TEX. R.APP. P. 33.1; TEX.R. CIV. P. 94). But, the verified denial put Dallas County on notice that MMI was denying ownership. And, even after being put on notice, Dallas County introduced no evidence that MMI owned personal property at the Address. Our review of the evidence and inferences supporting the trial judge's finding of MMI's ownership lead us to conclude Dallas County did not introduce legally sufficient evidence to support its claims, on which it had the burden of proof, that MMI owned the personal property at the Address from 2001 through 2006. We note that RISD's affidavit is of no benefit to Dallas County in sustaining its burden of proof. Under Tax Code Section 33.47(a), RISD's affidavit "constitutes prima facie evidence that each person charged with a duty relating to the imposition of the [RISD] tax has complied with all requirements of law." TEX. TAX CODE ANN. § 33.47(a) (Vernon 2008). RISD and Dallas County are distinct taxing units and are seeking to collect distinct taxes. Evidence that RISD has performed its duties with respect to collecting its taxes is no evidence that Dallas County has performed its own tax collection duties. We sustain MMI's second issue as to Dallas County. Our resolution of the ownership issue obviates any need to address MMI's first and third issues.

### Conclusion

We affirm the trial court's judgment with respect to RISD. We reverse judgment in favor of Dallas County and render a take-nothing judgment on Dallas County's claims.