Opinion issued February 4, 2010




















 In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00361 -CV






PHIL SEIFLEIN & PHIL SEIFLEIN AND FLORIDA LAND
DEVELOPMENT TRUST, Appellants


V.


THE CITY OF HOUSTON, HARRIS COUNTY, HARRIS COUNTY
EDUCATION DEPARTMENT, PORT OF HOUSTON AUTHORITY OF
HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT,
AND THE HARRIS COUNTY HOSPITAL DISTRICT, Appellees







On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2003-10657






MEMORANDUM OPINION


 In this ad valorem property tax case, appellants, Phil Seiflein and Florida Land
Development Trust (collectively, "Seiflein"), appeal from the trial court's judgment
awarding to appellees, the City of Houston, Harris County, Harris County Education
Department, Port of Houston Authority of Harris County, Harris County Flood
Control District, and the Harris County Hospital District (the "taxing authorities"),
delinquent ad valorem taxes, interest, and penalties on property owned by Seiflein. 

 On appeal, Seiflein contends (1) that, because "the tax rolls list the property in
Intercoastal Refining Co., which [was] not a party to the suit," the presumptions
under Tax Code section 33.47 do not apply, and the taxing authorities were not
entitled to rely "solely on the tax records as evidence"; (2) as follows: "Invalidity of
original suit: naming incorrect party (Seiflein) when the land was titled to another
party as well as held in trust and taken by force majore by the U.S. Government
(EPA) for the time period stated for the past due taxes."; and (3) as follows: "The City
of Houston had no jurisdiction to sue for taxes on the property that had been held by
the U.S. Government for the time period named for past due taxes." 

 We affirm.

Summary of Facts and Procedural History


 On February 28, 2003, the taxing authorities sued Seiflein to collect delinquent
ad valorem taxes that had accrued from 1983 to 2002 on the subject property--1.3739
acres described as Tracts 4 through 9 in 144 South Houston Gardens, Section 6, 9334
Canniff Street, Harris County, 77017. According to the judgment, the subject
property has a market value of $44,885.

 After the Tax Master recommended judgment in favor of Seiflin, the taxing
authorities appealed the recommendation to the referring court, the 164th District
Court of Harris County. 

 At a hearing before the referring court, the taxing authorities presented as their
evidence: (1) a certified copy of a quitclaim deed, dated June 19,1993, in which
"Christian Fuhrmann" and "Lawrence Fuhrmann" conveyed the subject property to
Seiflein; (2) certified delinquent tax statements for the years 1983 through 2007; and
(3) a letter, dated March 8, 2005, from Seiflein's attorney to the Harris County
Appraisal Board, asking the Appraisal Review Board to correct the appraisal roll for
tax years 2000 through 2004, to reflect Seiflein as the owner of the subject property. 
The taxing authorities explained that they sought judgment in rem for tax years 1983
to 1993, because Seiflein did not own the property prior to 1993. The taxing
authorities sought a personal judgment against Seiflein for tax years 1994 through
2007. 

 Seiflein did not object to the quitclaim deed or to the letter. Seiflein objected
to the tax statements on the basis that they still reflected the previous owner,
Intercoastal Refining Company, as the owner of the subject property. The trial court
overruled the objection. 

 The trial court found in favor of the taxing authorities, awarding, for tax years
1983 to 2007, including penalties and interest, $35,243.00 to the City of Houston and
$30,228.87 to Harris County. Of those amounts, the trial court ordered that Seiflein
be personally liable $20,576.80 to the City of Houston and $20,163.62 to Harris
County, which reflected the portion attributable to tax years 1994 through 2007. 

 The court filed findings of fact and conclusions of law, in which it found
Seiflein to be the owner of the subject property, pursuant to a deed dated June 19,
1993. The court determined the tax account number and description of the subject
property, and found that taxes, penalties, and interest were due and owing in the
amounts of the certified delinquent tax statements. The trial court concluded that the
taxing authorities were entitled to judgment, attached a lien, and provided for
foreclosure. 

Evidentiary Burden

 In his first issue, Seiflein contends that, because "the tax rolls list the property
in Intercoastal Refining Co., which [was] not a party to the suit," the presumptions
under Tax Code section 33.47 do not apply, and the taxing authorities were not
entitled to rely "solely on the tax records as evidence." 

A. Standard of Review and Applicable Legal Principles

 Tax Code subsection 33.47(a), which addresses evidentiary concerns in
delinquent tax cases, provides as follows:

 (a) In a suit to collect a delinquent tax, the taxing unit's current tax roll
and delinquent tax roll or certified copies of the entries showing the
property and the amount of the tax and penalties imposed and interest
accrued constitute prima facie evidence that each person charged with
a duty relating to the imposition of the tax has complied with all
requirements of law and that the amount of tax alleged to be delinquent
against the property and the amount of penalties and interest due on that
tax as listed are the correct amounts.


Tex. Tax Code Ann. § 33.47(a) (Vernon 2008). 

 Once a taxing authority introduces a delinquent tax roll or certified copies of
the entries showing the property and amount of tax, interest, and penalties, it
establishes a prima facie case as to every material fact necessary to establish its cause
of action and creates a rebuttable presumption that the taxing entity has taken all
actions necessary to obtain legal authority to levy the tax. Davis v. City of Austin,
632 S.W.2d 331, 333 (Tex. 1982); Aldine Indep. Sch. Dist. v. Ogg, 122 S.W.3d 257,
263-64 (Tex. App.--Houston [1st Dist.] 2003, no pet.); see also Excel Auto & Truck
Leasing LLP v. Alief Indep. Sch. Dist., 249 S.W.3d 46, 50 (Tex. App.--Houston [1st
Dist.] 2007, pet. denied). The presumption created by section 33.47 is overcome if
and when the taxpayer meets his burden of producing competent evidence to justify
a finding against the presumed fact. Ogg, 122 S.W.3d at 264. The evidence offered
to rebut the presumption may be reviewed for legal and factual sufficiency. Id. at 265
n.18.

B. Analysis

 The record shows that the taxing authorities introduced certified copies of tax
statements from the Harris County tax collector's office showing the delinquent taxes,
penalties, and interest owing for the subject property. See Tex. Tax Code Ann.
§ 33.47(a). Once the trial court admitted the documents specified in the statute, the
taxing authorities established a prima facie case as to every material fact necessary
to establish their cause of action and a rebuttable presumption was created that the
taxing entities had taken all actions necessary to obtain legal authority to levy the tax.
See Ogg, 122 S.W.3d at 264. 

 On appeal, Seiflein contends, as he objected in the referring court, that because
the tax statements improperly reflect the owner of the subject property as Intercoastal
Refining Company, which was the previous owner, no statutory presumption arose,
citing Pete Dominguez Enterprises, Inc. v. County of Dallas, 188 S.W.3d 385 (Tex.
App.--Dallas 2006, no pet.), and Maximum Medical Improvement, Inc. v. County of
Dallas, 272 S.W.3d 832 (Tex. App.--Dallas 2008, no pet.). These cases are
distinguishable from the instant case.

 In Pete Dominguez Enterprises, the defendant argued that "there was no
evidence" that it owned the subject property. 188 S.W.3d at 387. The court held that
"[i]n the absence of evidence showing the defendant . . . owned the property taxed in 
[that] case, no presumption of liability was triggered, and no prima facie case for
liability was established." Id. at 388. In Maximum Medical Improvement, the
defendant argued that he did not own the subject property, and the taxing authorities
put on no evidence that the defendant owned the subject property. 272 S.W.3d at
837. It is an affirmative defense to tax liability that the defendant did not own the
subject property on January 1 of the year for which tax was imposed. Tex. Tax Code
Ann. § 42.09 (Vernon 2008). 

 Here, Seiflein does not dispute on appeal that he owns the subject property. 
Seiflein contends only that the tax statements in evidence fail to properly name him
as the owner. Pursuant to Tax Code Section 25.02(b), "[a] mistake in the name or
address of an owner does not affect the validity of the appraisal records, of any
appraisal or tax roll based on them, or of the tax imposed." Tex. Tax Code Ann.
§ 25.02(b) (Vernon 2008) (stating that mistake may be corrected) (emphasis added). 

 Further, the record shows that the taxing authorities put on evidence showing
that Seiflein owned the property taxed. The trial court admitted a certified copy of
a quitclaim deed, dated June 19, 1993, showing that the subject property was
conveyed to Seiflein, and a letter, dated March 8, 2005, from Seiflein's attorney to
the Harris County Appraisal Board, asking the Appraisal Review Board to correct the
appraisal roll for tax years 2000 through 2004, to reflect Seiflein as the owner of the
subject property. Seiflein did not object to this evidence. Further, the trial court's
judgment specifies that, for tax years 1983 to 1993, Seiflein is to be considered an in
rem defendant only. Cf. Tex. Tax Code Ann. § 32.07(a) (Vernon 2008) (providing
that "property taxes are the personal obligation of the person who owns or acquires
the property on January 1 of the year for which the tax is imposed"). 

 Once the taxing authorities met their burden to show that taxes were due and
delinquent, the burden shifted to Seiflein to introduce competent evidence to
invalidate the assessments. See Ogg, 122 S.W.3d at 264. The record does not reflect
that Seiflein presented any evidence.

 Accordingly, we overrule Seiflein's first issue.

Second Issue

 Seiflein's second issue is presented, in its entirety, as follows: "Invalidity of
original suit: naming incorrect party (Seiflein) when the land was titled to another
party as well as held in trust and taken by force majore by the U.S. Government
(EPA) for the time period stated for the past due taxes." Seiflein does not offer any
argument and does not direct us to anything in the record to support his contention. 
Hence, nothing is presented for our review. See Tex. R. App. P. 38.1(i).

 Accordingly, we overrule Seiflein's second issue.

Third Issue Seiflein's third issue is presented, in its entirety, as follows: "The City of
Houston had no jurisdiction to sue for taxes on property that had been held by the
U.S. Government for the time period named for past due taxes." Seiflein does not
offer any argument and does not direct us to anything in the record to support his
contention. Hence, nothing is presented for our review. See id. 

 Accordingly, we overrule Seiflein's third issue.

Conclusion


 We affirm the judgment of the trial court. 

 


 Laura Carter Higley

 Justice


Panel consists of Chief Justice Radack, and Justices Alcala and Higley.