# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00529-CV

**Vo Engineering, Ltd., Co., and Chau V. Vo a/k/a Charley Vo, Appellants**

**v.**

**Nu Cai, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY, NO. 11-1141-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Vo Engineering, Ltd., Co. and Chau V. Vo a/k/a Charley Vo (collectively, Vo), appearing pro se, appeal from the trial court's judgment in favor of Nu Cai in Cai's suit for breach of contract, breach of warranty, and negligence.[1]  In five issues, Vo challenges the legal and factual sufficiency of the evidence supporting some of the trial court's findings of fact.  We will affirm.

---

[1]  Appellants were represented by counsel in the trial court and in this Court until their counsel filed a motion to withdraw three months after the notice of appeal was filed.  Neither appellant objected to the motion to withdraw, and it was granted.  Chau Vo filed a single pro se brief on his behalf and on behalf of Vo Engineering, Ltd., Co.  Generally a corporation may appear and be represented only by a licensed attorney.  *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.*, 937 S.W.2d 455, 456 (Tex. 1996).  In the present case, however, Chau Vo was found to be the alter ego of Vo Engineering, Ltd., Co. and has filed one brief that makes identical arguments for both the individual and the corporation.  We will, in this instance, not require Vo Engineering, Ltd., Co. to file a separate brief.

## BACKGROUND

Vo and Cai entered into a contract pursuant to which Vo was to provide labor and materials to finish out leased commercial space Cai intended to use as a nail salon and spa. The work Vo performed included cutting a trench in the salon's foundation in which to install a water line running the length of the leased space and then covering the water line with cement, installing tile throughout the space, and painting the walls. Toward the end of the project, Cai became increasingly dissatisfied with the quality of the work and ultimately sued Vo alleging that he breached the contract by ceasing to perform work required by the contract. She also alleged Vo left elements of the construction project incomplete, faulty, not built according to plan, and in need of repair. Cai alleged that shortly after Vo ceased work on the project cracks appeared in the tile floor and continued to expand over time. Cai also contended that Vo breached an express warranty contained in their contract by failing to provide services and material of the quality represented and refusing to repair or replace faulty workmanship. Cai also brought a negligence cause of action arising from her contention that Vo failed to exercise the applicable standard of care in performing work at the salon.

After a bench trial, the court signed a judgment awarding Cai $29,000 in actual damages and $7,500 in attorneys' fees. Vo filed a motion for new trial in which he: (1) challenged the legal and factual sufficiency of the evidence supporting a judgment against him; (2) challenged the legal and factual sufficiency of the evidence supporting the actual damages award; and (3) asserted that the trial court abused its discretion by failing to award to him, or in the alternative apply as credit against the judgment, the contract's final installment payment of $15,000 that Cai had failed

to pay. The motion for new trial was overruled by operation of law. The trial court entered findings of fact and conclusions of law, and Vo perfected this appeal. While Vo does not state his appellate issues with precision, the gist of his brief on appeal is that the evidence does not support findings that the wall was not painted properly or that faulty workmanship was the cause of the cracks in the tile.[2] Vo also complains that the evidence does not support the amount of actual damages awarded and appears to contend that the trial court erred by concluding that he did not substantially complete the contract and was therefore not entitled to the full contract price or an offset to the judgment in the amount of the $15,000 final progress payment that Cai failed to pay. We will liberally construe his brief as challenging the legal and factual sufficiency of the evidence supporting findings regarding the alleged faulty workmanship, the amount of actual damages awarded, and the trial court's refusal to offset the judgment by the $15,000 final installment payment.

## DISCUSSION

In an appeal from a bench trial, the trial court's findings have the same weight as a jury verdict. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). When the appellate record contains a reporter's record, as it does in this case, findings of fact are not conclusive and are binding only if supported by the evidence. *See HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We review a trial court's findings of fact under the same legal and factual sufficiency of the evidence

---

[2] Vo's brief does not cite any legal authority and consists primarily of a recitation of the evidence presented at trial regarding the cracked tile, wall paint, and the cost to remedy those defects, along with a request that this Court reverse the trial court's judgment and award him the $15,000 final installment payment.

standards used when determining if sufficient evidence exists to support an answer to a jury question. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When the appellant challenges the factual sufficiency of the evidence on an issue, we consider all the evidence supporting and contradicting the finding. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989); *Pulley v. Milberger*, 198 S.W.3d 418, 426 (Tex. App.—Dallas 2006, pet. denied). We set aside the finding for factual insufficiency only if the finding is so contrary to the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). In a bench trial the trial court, as factfinder, is the sole judge of the credibility of the witnesses. *Southwestern Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied). As long as the evidence falls "within the zone of reasonable disagreement," we will not substitute our judgment for that of the factfinder. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

When the appellant challenges the legal sufficiency of an adverse finding on which he did not have the burden of proof at trial, he must demonstrate that there is no evidence to support the adverse finding. *Pete Dominguez Enters., Inc. v. County of Dallas*, 188 S.W.3d 385, 387 (Tex. App.—Dallas 2006, no pet.). When reviewing the record, we determine whether any evidence supports the challenged findings; anything more than a scintilla of evidence is legally sufficient to support a finding. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (more than scintilla of evidence exists when evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions").

The trial court found that Cai would have to incur $24,000 to repair faulty construction, specifically the cracked floor tile and the wall paint. On appeal, Vo argues that the evidence at trial is legally and factually insufficient to support a finding that the cracked tile was caused by any work he did or that the wall painting was done in an unsatisfactory manner. Having reviewed the record, we conclude that the evidence presented at trial was legally and factually sufficient to support these findings.

With respect to the cracked tile, Mark Sayers, a construction manager with a degree in building construction management, testified that the floor tile was cracked in a line from the front to the back of the salon. The line of cracked tile tracked the path of the water line Vo had installed in the building's foundation by cutting through the existing foundation, laying the water line, and covering it with cement. Sayers opined that the crack was due to improper pour-back of cement covering the water line. Sayers stated that this type of problem does not normally occur in tile flooring if the underlying surface is prepared according to industry standards. Sayers testified that he excluded the possibility that the tile was defective based on his observation that the area of cracked tile was limited to the linear area above the new water line and not throughout the salon. He also opined that the crack was not due to settlement of the building. Vo, who has a mechanical engineering degree, testified that there can be a number of reasons that tile cracks, including using the wrong type of tile or structural movement of the building. Larry Fisher, a structural engineer, testified that there are other possible causes for the cracked tile, but that the quality of work done when installing the water line could be the reason. He stated that in order to be certain that the water line was the cause, core testing would need to be done and that such testing would cost approximately $10,000.

5

With respect to the wall paint, Sayers testified that the paint had visible streaks because it was applied with a brush or a roller. He stated that the industry standard would be to have sprayed the paint on the wall and then rolled back over it one or two times to prevent visible streaking. Sayers testified that the paint application was not to industry standards. Vo testified that he did not see any problem with the wall paint and that it had not been textured at Cai's request. Vo attributed the paint's uneven surface and appearance to Cai's request for no texturing. Fisher did not testify regarding the wall paint.

The evidence presented by Sayers regarding the improper pour-back of cement covering the new water line and the failure to properly apply paint to industry standards constitutes more than a scintilla of evidence, and is thus legally sufficient to support a finding that Vo's work at the salon was in these respects faulty. Fisher's testimony that there could be other reasons for the cracked tile besides the manner in which the water line was installed does not render a finding that this aspect of the construction was faulty so contrary to the evidence as to be clearly wrong and manifestly unjust. The same is true of Vo's testimony regarding the wall paint. Cai's request that the wall not be textured is not inconsistent with Sayers's testimony that proper application of the paint required that it be sprayed on and then rolled over one or two times. The evidence was factually sufficient to support a finding that Vo's work at the salon was in these respects faulty.

We next consider whether there was legally and factually sufficient evidence to support the amount of actual damages awarded to remedy the cracked tile and the wall paint.[3]

---

[3] There were two components of the trial court's award of $29,000 in actual damages. The trial court awarded $24,000 as the cost to remedy the construction defects and $5,000 in profits Cai would lose for the month she was required to close her salon while repairs were made. On appeal Vo does not challenge the lost profits component of the damage award.

Sayers testified that the estimated cost to replace the 250 square feet of concrete covering the water line was approximately $7,000. In addition, he stated that Cai would have to pay an engineer for design and inspection services, which would cost another $1,500. Sayers testified that the tile floor should be replaced in its entirety because it would be very difficult to match the new tile over the water line with the four-year-old tile in the rest of the salon. Sayers estimated the cost to replace the 1,200 square feet of tile to be $11,000. Sayers estimated the cost of repainting the wall to be $4,500. Thus, there was evidence that the total cost to make the repairs to the floor and walls would be $24,000, which is what the trial court awarded. There was no evidence contradicting Sayers's estimate that renders the trial court's award of $24,000 so contrary to the evidence as to be clearly wrong and manifestly unjust. The evidence was legally and factually sufficient to support the award of $24,000 to remedy the faulty work at Cai's salon.

Finally, we address the sufficiency of the evidence supporting the trial court's finding that Vo did not substantially perform his obligations under the contract and did not substantially complete the work envisioned by the contract. Cai testified at trial to numerous aspects in which Vo's work at the salon was unsatisfactory in addition to the cracked tile and the wall paint. She stated that the sink leaked, there was a gap in the back door, and a gap in the wallboard under the paint was not taped or otherwise filled. She also testified that the wiring was not complete. The trial court admitted into evidence several emails from Cai to Vo identifying things that she believed needed to be done to complete the job. Vo countered with testimony that the City of Austin had issued a certificate of occupancy and that Cai was able to use the space for her nail salon. We conclude that the evidence was legally and factually sufficient to support the trial court's finding that Vo did not substantially perform his contractual obligations.

**CONCLUSION**

Having overruled Vo's challenges to the legal and factual sufficiency of the evidence supporting the findings he challenges on appeal, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   February 4, 2015