**Affirmed and Opinion Filed July 11, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00586-CV

## TAI TEXAS BUSINESS, LLC, D/B/A ISHIN SUSHI SAKE BAR, Appellant
## V.
## DALLAS COUNTY, ET AL., Appellees

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-20-01032**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Breedlove

Appellees Dallas County, Dallas County Community College District, Dallas County School Equalization Fund, Parkland Hospital District and City of Richardson (Taxing Units) filed this lawsuit against appellant Tai Texas Business, LLC, d/b/a Ishin Sushi Sake Bar (TTB) to collect delinquent ad valorem taxes owed by TTB on business personal property. Richardson Independent School District (RISD) intervened to collect taxes it contends TTB owed to them on the same property. Following a bench trial, the trial court awarded judgment on the Taxing Units and RISD's liquidated claims for delinquent ad valorem business personal

property taxes. On appeal, TTB asserts in two issues that (1) the Taxing Units failed to establish a prima facie case under Property Tax Code § 33.47(a); and (2) TTB was not required to overcome a presumption under § 33.47(a) by pleading an affirmative defense because Property Tax Code § 42.09 is inapplicable. We affirm the trial court's judgment.

## I.    BACKGROUND

The Taxing Units and RISD sought to recover unpaid delinquent ad valorem business personal property taxes for tax years 2017 and 2018 on the property identified by the Taxing Units as "Ishin Sushi Sake Bar" located at 720 E. Campbell Road, Suite 430, Richardson, Dallas County, Texas. The Taxing Units filed suit against TTB on October 5, 2020, and RISD intervened on August 6, 2021. TTB filed a general denial on May 13, 2021. On October 20, 2021, after TTB failed to appear, the trial court entered a default judgment in favor of the Taxing Units and RISD. On November 19, 2021, TTB filed a motion for new trial and to set aside the default judgment, which the court granted on December 13, 2021. Trial was set for April 19, 2022.

The Taxing Units filed an affidavit and certified copies of delinquent tax statements for the business personal property owned by TTB for the applicable tax years, together with an affidavit and certified copy of an assumed name certificate executed by Albert Chui in his capacity as TTB's manager, on file with the Texas Secretary of State identifying TTB's assumed name as "Ishin Sushi Sake Bar."

–2–

RISD also filed an affidavit and certified copy of delinquent tax statements. TTB did not file any additional pleadings, affidavits, or pre-trial evidence.

A bench trial was held on April 19, 2022. After the Taxing Units and RISD rested, TTB moved for a directed verdict, arguing that the Taxing Units and RISD had failed to establish a prima facie case because the certified tax statements that were admitted failed to properly identify the defendant. The trial judge requested briefs in support of their positions and took the matter under advisement.

On May 10, 2022, the court signed a judgment awarding the Taxing Units' and RISD's liquidated claims for delinquent ad valorem business personal property taxes. In its findings of fact and conclusions of law, the court found that the Taxing Units had made a prima facie case establishing TTB's liability under Property Tax Code § 33.47(a) and that TTB had waived the issue of non-ownership set forth in Property Tax Code § 49.02(b) because it failed to plead it as an affirmative defense. The court concluded that TTB had not raised any other issue to contest liability.

TTB appealed the trial court's ruling on June 6, 2022. In two issues, TTB argues that (1) the Taxing Units failed to establish a prima facie case under Property Tax Code § 33.47(a); and (2) TTB was not required to overcome a presumption under § 33.47(a) by pleading an affirmative defense because Property Tax Code § 42.09 is inapplicable. In response, the Taxing Units argue that the trial court did not err because: (1) there was substantial evidence to support the findings and

–3–

judgment; and (2) TTB waived the defense of non-ownership because it failed to affirmatively plead the issue or introduce evidence in support of the same.

## II.  STANDARD OF REVIEW

A party challenging the legal sufficiency of the evidence to support an adverse finding on which it did not have the burden of proof at trial must demonstrate that there is no evidence to support the adverse finding. *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.). When reviewing for legal sufficiency, the evidence is considered in the light most favorable to the nonmovant, crediting evidence a reasonable fact-finder could credit and disregarding contrary evidence and inferences unless a reasonable fact-finder could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). We will uphold the finding if more than a scintilla of competent evidence supports it. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005); *Exel Transp. Servs., Inc. v. Aim High Logistics Servs., LLC*, 323 S.W.3d 224, 232 (Tex. App.—Dallas 2010, pet. denied); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) ("The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review.").

When an appellant challenges the factual sufficiency of the evidence to support an adverse finding on which it did not have the burden of proof, the appellant must demonstrate there is insufficient evidence to support the adverse finding. *See, e.g., Weaver & Tidwell, L.L.P. v. Guarantee Co. of N. Am. USA*, 427 S.W.3d 559,

564 (Tex. App.—Dallas 2014, pet. denied).  In reviewing a finding for factual sufficiency, we consider and weigh all of the evidence in support of and contrary to the finding and will set aside the finding only if it is so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust.  *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

### III.    APPLICABLE LAW

A property tax, or "ad valorem" tax, is a tax on property at a certain rate based on the property's value.  *See Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 43 (Tex. 2018).  "[T]he Property Tax Code provides that on January 1, the day that property ownership gives rise to property tax liability, a tax lien in favor of each applicable taxing unit automatically attaches to all taxable property 'to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property.'"  *Id.* (citing TEX. TAX CODE ANN. § 32.01(a)).  If property taxes become delinquent, a taxing unit may file suit to foreclose the lien securing payment of the taxes, to enforce personal liability for the taxes, or both.  *See* TEX. TAX CODE ANN. § 33.41.  A petition initiating a suit to collect a delinquent property tax is sufficient if it alleges that "the person sued owned the property on January 1 of the year for which the tax was imposed if the suit seeks to enforce personal liability" or "the person sued owns the property when the suit is filed if the suit seeks to foreclose a tax lien."  *Id.* § 33.43(a)(7)–(8).

–5–

Pursuant to tax code section 42.09(b), "[a] person against whom a suit to collect a delinquent property tax is filed may plead as an affirmative defense: (1) if the suit is to enforce personal liability for the tax, that the defendant did not own the property on which the tax was imposed on January 1 of the year for which the tax was imposed; or (2) if the suit is to foreclose a lien securing the payment of a tax on real property, that the property was not located within the boundaries of the taxing unit." Id. § 42.09(b). Additionally, section 33.47(a) of the tax code states,

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

*Id.* § 33.47(a). "Taxing statutes are construed strictly against the taxing authority and liberally for the taxpayer." *Morris v. Houston Indep. Sch. Dist.*, 388 S.W.3d 310, 313 (Tex. 2012); *accord Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497 (Tex. App.—Dallas 2001, pet. denied).

## IV.  DISCUSSION

### A.  Waiver of Challenges on Appeal

Our appellate rules have specific requirements for briefing, including specifically, in this case, rule 38.1. *See* TEX. R. APP. P. 38.1. Rule 38.1 requires an appellant to state concisely the complaint that he may have; provide understandable,

–6–

succinct, and clear argument for why his complaint has merit in fact and law; and cite and apply law that is applicable to the complaint being made along with appropriate record references. *See* TEX. R. APP. P. 38.1(f), (h), (i). "Importantly, statements of fact must be supported by direct references to the record that are precise in locating the fact asserted." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). "If record references are not made or are inaccurate, misstated, or misleading, the brief fails." *Id.* "And, just as importantly, existing legal authority applicable to the facts and the questions we are called on to answer must be accurately cited." *Id.* "References to legal authority that have nothing to do with the issue to be decided are contrary to the requirement of rule 38.1(i)." *Id.* "If we are not provided with existing legal authority that can be applied to the facts of the case, the brief fails." *Id.*

TTB asserts on appeal that the Taxing Units failed to establish a prima facie case under Property Tax Code § 33.47(a). In support of this argument, TTB cites only the tax code section itself. However, TTB provides no case law or analysis to support the contention that the combination of evidence presented by the Taxing Units and RISD was insufficient to establish a prima facie case. Without legal analysis or citation to appropriate authority, TTB has failed to preserve this argument for our review. *See Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *3 (Tex. App.—Dallas Nov. 3, 2020, no pet.) (mem. op.) (brief lacking legal analysis preserved nothing for review).

TTB also complains that it was not required to overcome a presumption under § 33.47(a) by pleading an affirmative defense because Property Tax Code § 42.09 is inapplicable. TTB only cites to tax code § 42.09 itself in support of its argument. However, TTB provides no case law or analysis to support this proposition, and its brief is devoid of any argument on the issue beyond the sole assertion that it "was not under a duty to raise any defenses, affirmative or otherwise." Without legal analysis or citation to appropriate authority, TTB has failed to preserve this argument for our review. *See id.*

**B.      Tax Code § 33.47(a) Presumption**

In its first issue, TTB contends the Taxing Entities failed to meet their burden of establishing a prima facie case under Tax Code § 33.47(a). Even assuming TTB had preserved the issue for our review, we hold that the trial court's judgment is supported by sufficient evidence.

We begin by addressing the applicability of the section 33.47(a) presumption. *See* TEX. TAX CODE ANN. § 33.47(a). When a taxing authority in a delinquency suit introduces the tax records described in section 33.47(a) into evidence, "it establishes a prima facie case as to every material fact necessary to establish its cause of action." *Maximum Med. Improvement, Inc. v. Cnty. of Dallas*, 272 S.W.3d 832, 835 (Tex. App.—Dallas 2008, no pet.). At that point, "a rebuttable presumption arises in the taxing authority's favor." *Pete Dominguez Enters., Inc. v. Cnty. of Dallas*, 188 S.W.3d 385, 387 (Tex. App.—Dallas 2006, no pet.). "Once a prima facie case is

established, the burden shifts to the taxpayer to introduce competent evidence that he has paid the full amount of taxes, penalties, and interest, or that there is some other defense that applies to his case." *Maximum Med.*, 272 S.W.3d at 835; *see also Estates of Elkins v. Cnty. of Dallas*, 146 S.W.3d 826, 829 (Tex. App.—Dallas 2004, no pet.) ("Unless the taxpayer establishes independent reasons why the taxing authority should not recover, the taxing authority is entitled to judgment."). "The presumption created by section 33.47 disappears if and when the taxpayer meets its burden of producing competent evidence to justify a finding against the presumed fact." *Aldine Indep. Sch. Dist. v. Ogg*, 122 S.W.3d 257, 264 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *accord Estates of Elkins*, 146 S.W.3d at 830 ("The presumption places upon the party against whom it operates the burden of producing evidence sufficient to justify a finding of non-existence of the presumed fact....").

As to TTB's assertion that the section 33.47(a) presumption is inapplicable because the identity of the entity on the certified tax statement did not match the identity of the defendant, that same argument was considered and rejected by this Court in *Asymblix LLC v. Richardson Indep. Sch. Dist.*, No. 05-18-00433-CV, 2018 WL 3238013, at *6 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.). There, this Court held that because plaintiffs provided evidence of liability other than the certified tax statement, the 33.47(a) presumption arose. *Id.* (citing *Felt v. Harris Cnty.*, No. 14-12-00327-CV, 2013 WL 1738604, at *3 (Tex. App.—Houston [14th Dist.] Apr. 23, 2013, no pet.) (mem. op.); *Ogg*, 122 S.W.3d at 264). Therefore,

–9–

because the Taxing Units in the present case provided evidence in the form of an assumed name certificate showing that TTB's assumed name, as registered with the Secretary of State, matched the name of the business listed on the certified tax statement in addition to the certified tax statement itself, we hold the 33.47(a) presumption arose and was not rebutted.[1] *See id.* We overrule TTB's first issue.

Because we hold that the evidence was legally and factually sufficient to support the trial court's judgment, and because we hold that TTB failed to preserve any argument regarding the applicability of Property Tax Code § 42.09(b), we do not address TTB's remaining issue. *See id; see also Steele*, 2020 WL 6440499, at *3; TEX. R. APP. P. 38.1; 47.4.

## V.    CONCLUSION

We affirm the trial court's judgment.

/Maricela Breedlove/

220586f.p05

MARICELA BREEDLOVE
JUSTICE

---

[1] TTB argues on appeal that the 33.47(a) presumption did not arise or in the alternative did not require rebuttal; TTB does not assert that even if the presumption arose, that presumption was rebutted. Therefore, TTB has waived this issue on appeal. *See* TEX. R. APP. P. 38.1. However, had TTB preserved this issue, we would hold that TTB did not carry its burden to rebut the presumption. *See Asymblix*, 2018 WL 3238013, at *6 (holding presumption was not rebutted when appellant offered no evidence to support contentions challenging presumption).

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TAI TEXAS BUSINESS, LLC,
D/B/A ISHIN SUSHI SAKE BAR,
Appellant

No. 05-22-00586-CV      V.

DALLAS COUNTY, ET AL.,
Appellees

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. TX-20-01032.
Opinion delivered by Justice
Breedlove. Justices Nowell and
Goldstein participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellee DALLAS COUNTY, ET AL. recover their costs of this appeal from appellant TAI TEXAS BUSINESS, LLC, D/B/A ISHIN SUSHI SAKE BAR.

Judgment entered this 11th day of July 2023.