

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00077-CV

EDWARD JACKSON, ET AL., Appellants

V.

HARRISON CENTRAL APPRAISAL DISTRICT, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 19-0321T

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

This appeal concerns a summary judgment entered in favor of Harrison Central Appraisal District (HCAD), which sued Shirley Johnson and twenty-five other residents of Harrison County, Texas, to collect delinquent property taxes for itself, for "Harrison County Emergency Services District #3," and for the Karnack Independent School District. Johnson, the only appealing party, argues that the trial court erred by granting summary judgment in HCAD's favor because it should have granted the property an agricultural exemption. Because Johnson failed to protest any exemption or valuation of the taxes assessed and did not contest HCAD's summary judgment evidence, we affirm the trial court's judgment.

## I.     Factual Background

In its 2024 lawsuit, HCAD sought to collect nine years of property taxes that had become delinquent from 2014 through 2023. Johnson answered HCAD's lawsuit by arguing that its method of taxation violated the Texas Constitution's declaration that "[t]axation shall be equal and uniform." TEX. CONST. art. VIII, § 1(a).

HCAD filed a traditional motion for summary judgment, arguing that Johnson owned a portion of the property[1] on the first day of January 2014 through 2023, they were seeking taxes for those years, Johnson owned the same portion of the property at that time, no protest regarding the property's exemption or valuation had been filed, and taxes assessed on the property were not paid. In support of its motion, HCAD attached the affidavits of its chief appraiser, J. L. Flowers,

---

[1]The property at issue here is Johnson's interest in "121.00 acres, more or less, out of the Wilson Ewing Survey, Abstract 6, Harrison County, Texas" more fully "described as Block 1 in Volume 152, Page 520, of the deed records of Harrison County."

and Harrison County Tax Assessor-Collector Veronica King. Those affidavits authenticated an attached Schedule of Delinquent Taxes for years 2014 through 2023, which listed Johnson as an owner of the property. Flowers and King both represented that the delinquent taxes were "duly and properly levied and assessed," and Flowers averred that there was "never a protest regarding the exemption status or valuation of the property." The Schedule of Delinquent Taxes included Johnson's name.

Johnson's summary judgment response did not contest HCAD's summary judgment evidence. Instead, she only argued in her response that she had raised a counterclaim under Article VIII of the Texas Constitution and that "[m]ultiple properties surrounding [Johnson's] property [had] been afforded an 'Agricultural Exemption,'" while hers had not.

After reviewing the summary judgment evidence, the trial court granted HCAD's traditional motion. The trial court's judgment found that a total of $70,120.22 in delinquent taxes were owed among all of the property's owners and issued an order of sale for the property.

## II.    Standard of Review

"The grant of a trial court's summary judgment is subject to de novo review by appellate courts." *Brown v. CitiMortgage, Inc.*, No. 06-14-00105-CV, 2015 WL 2437519, at *2 (Tex. App.—Texarkana May 22, 2015, no pet.) (mem. op.) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "In making the required review, we deem as true all evidence which is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor." *Id.* (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).

"To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Id.* (citing TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). "Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact." *Id.* (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)).

## III.     Analysis

The question of whether HCAD established entitlement to summary judgment as a matter of law is governed by the Texas Tax Code. Section 33.47(a) of the Texas Tax Code states the following:

> In a suit to collect a delinquent tax, the taxing unit's . . . delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TEX. TAX CODE ANN. § 33.47(a).

"When documentation is admitted into evidence under Section 33.47(a) of the Texas Tax Code, the taxing entity establishes a 'prima facie case as to every material fact necessary to establish the cause of action.'" *Hydrogeo, LLC v. Quitman Indep. Sch. Dist.*, 483 S.W.3d 51, 58 (Tex. App.—Texarkana 2016, no pet.) (quoting *Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982)). "A rebuttable presumption then arises 'that the taxing entity has taken all actions necessary to obtain legal authority to levy the tax, including proper delivery of all required tax

4

notices.'"[2]  *Id.* (quoting *Maximum Med. Improvement, Inc. v. Cnty. of Dallas*, 272 S.W.3d 832, 835 (Tex. App.—Dallas 2008, no pet.)).  As a result, an appraisal district's introduction of certified copies of a delinquent tax record is sufficient to establish "its prima facie case as to every material fact necessary to establish its cause of action" under Section 33.47.  *Phifer*, 45 S.W.3d at 174.

The appellate record establishes that HCAD included certified copies of the delinquent tax roll attached to Flowers's and King's affidavits.  From the summary judgment evidence, the trial court could clearly see the amount of taxes on the property, the fact that the taxes were delinquent, and the amount of penalties imposed and interest accrued.  At no point did Jackson challenge the summary judgment evidence, which was sufficient for HCAD to make its prima facie case.  At that point, the burden shifted to Johnson to present a genuine issue of material fact.

Johnson's summary judgment response failed to create any genuine issue of material fact on the issue of delinquent taxes.  Instead, her summary judgment response simply notified the trial court of her belief that the taxes were not equally and uniformly assessed because no agricultural exemption was applied to the property.  Even so, Johnson's summary judgment response failed to show that she or any of the property's owners had properly requested an agricultural exemption, and Flowers's affidavit showed that there was no protest regarding any exemption or valuation related to the property.

---

[2]Although never argued to the trial court, Johnson argues on appeal that she did not receive a tax evaluation and a notice informing her of her right to protest.  Because her response to HCAD's summary judgment did not raise this issue, we overrule this unpreserved argument.  *See* TEX. R. APP. P. 33.1; *see also Phifer v. Nacogdoches Cnty. Cent. Appraisal Dist.*, 45 S.W.3d 159, 174 (Tex. App.—Tyler 2000, pet. denied).

"[A] taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam) (quoting *Matagora Cnty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005)). Because Johnson had failed to timely protest the property's exemption status or valuation, she had failed to exhaust her administrative remedies and was barred from making such arguments at such a late stage. *See Vitol, Inc. v. Harris Cnty. Appraisal Dist.*, 529 S.W.3d 159, 168, 170 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see* TEX. TAX CODE ANN. § 41.44 (Supp.) (setting statutory deadlines for filing notice of protest).

To illustrate, the Texas Tax Code has a list of affirmative defenses available to someone who is sued by an appraisal district wishing to collect delinquent taxes, but Johnson's claim under Article 8, Section 1, of the Texas Constitution is not one of them. Section 42.09 of the Texas Tax Code states:

> (b) A person against whom a suit to collect a delinquent property tax is filed may plead as an affirmative defense:
>
> > (1) if the suit is to enforce personal liability for the tax, that the defendant did not own the property on which the tax was imposed on January 1 of the year for which the tax was imposed; or

(2) if the suit is to foreclose a lien securing the payment of a tax on real property, that the property was not located within the boundaries of the taxing unit seeking to foreclose the lien on January 1 of the year for which the tax was imposed.

TEX. TAX CODE ANN. § 42.09(b). Johnson did not raise any available affirmative defenses.

We find that there is no genuine issue of material fact and that HCAD established its entitlement to summary judgment as a matter of law. As a result, we overrule Johnson's point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted: February 12, 2025
Date Decided: February 26, 2025